```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


                                     )
SOPHOAN OUNG &                       )
SOPHANARA OUNG,                      )
                                     )
          Petitioners,               )
                                     )
     v.                              )  CRIMINAL NO. 05-10262-PBS
                                     )
UNITED STATES OF AMERICA,            )
                                     )
          Respondent.                )
                                     )
```

**MEMORANDUM AND ORDER**

May 18, 2010

Saris, U.S.D.J.

Pro se habeas petitioners Sophoan Oung (a/k/a "Hershey") and Sophanara Oung (a/k/a "Bee"), seek to vacate their sentences pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel during the plea and sentencing process.  The government opposes, arguing that the plea agreements are immune from collateral attack pursuant to valid collateral-challenge waivers and that the claims are otherwise futile.  After a review of the submissions, the petitions are **DENIED**.

**I.   BACKGROUND**

On August 15, 2007, both Petitioners pled guilty pursuant to plea agreements filed under Fed. R. Crim. P. 11(c)(1)(C) to conspiring to manufacture or distribute 50 grams or more of crack

cocaine and 500 grams or more of cocaine hydrochloride (Count 1); possession with intent to distribute the same controlled substances (Count 5); possession of a firearm in furtherance of a drug trafficking offense (Count 7); and possession of a firearm with obliterated serial numbers (Count 8).  Additionally, Hershey pled guilty to possession with intent to distribute crack and powder cocaine (Count 6), and Bee pled guilty to three counts of distribution of cocaine to an undercover officer (Counts 2, 3, and 4).  Petitioners were sentenced to the mandatory minimum ten year term of incarceration for the crack cocaine charges and the mandatory minimum consecutive five year term for the firearm charges, totaling 180 months of incarceration.

The plea agreements contain waivers of appeal and collateral attack.  Paragraph Six of the agreements, entitled "Waiver of Rights to Appeal and to Bring Collateral Challenge," states:

> Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).
>
> In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:
>
> . . . .
>
> (2) The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 [a 180-month sentence] and, even if the Court rejects one or more positions advocated by the

> parties with regard to the application of the U.S.
> Sentencing Guidelines or application of minimum
> mandatory sentences.

(Plea Agreements [Docket Nos. 148, 150] 4.)  The Petitioners signed the plea agreements, acknowledging that:

> I am satisfied with the legal representation provided
> to me by my attorney.  We have had sufficient time to
> meet and discuss my case.  We have discussed the
> charges against me, possible defenses I might have, the
> terms of this Plea Agreement and whether I should go to
> trial.  I am entering into this Agreement freely,
> voluntarily, and knowingly because I am guilty of the
> offenses to which I am pleading guilty and I believe
> this Agreement is in my best interest.

(Plea Agreements 8.)

Petitioners have now filed petitions asserting that they received ineffective assistance of counsel because counsel: failed to properly advise Petitioners to accept a conditional guilty plea pursuant to Fed. R. Crim. P. 11(a)(2) that dismissed the firearms charges, carried a maximum term of imprisonment of ten years, and allowed Petitioners to preserve their Fourth Amendment challenges for appeal; failed to renegotiate the same deal after their motions to suppress were denied; advised them to accept a plea deal that exposed them to higher penalties than otherwise allowed by law; failed to challenge the reasonableness of their sentences under 18 U.S.C. § 3553(a); and failed to argue for the application of the crack cocaine amendment to the Sentencing Guidelines.

**II.   STANDARD**

A defendant may seek post-conviction relief under § 2255 from his sentence in four instances: if the sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962) (construing Section 2255)). The claimed error for which a party requests relief must be "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (citing Hill, 368 U.S. at 428). "Section 2255 is not a surrogate for a direct appeal." David, 134 F.3d at 474.

The petitioner bears the burden of establishing the need for § 2255 relief, as well as that of showing the need for an evidentiary hearing. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992). "An evidentiary hearing is not required where the section 2255 petition, any accompanying exhibits, and the record evidence 'plainly [reveal] . . . that the movant is not entitled to relief.'" Id. (quoting Rule 4(b), Rules Governing Section 2255 Proceedings). Summary dismissal of a § 2255 claim is appropriate when the petition "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Id. (quotation marks and citation omitted).

The Sixth Amendment provides defendants with the right to the "effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 685-86 (1984). To prove ineffective assistance, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Id. at 687.

A counsel's performance is deficient if the counsel's representation falls below an objective standard of reasonableness. Id. at 687-88. A court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Review of trial counsel's performance is "highly deferential" and subject to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second element of the Strickland test, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### III.  DISCUSSION

#### A.  Collateral-Challenge Waiver

The plea agreements contain waivers of appeal and collateral

attack.  "[The First Circuit] will enforce knowing and voluntary waivers by defendants in plea agreements of their rights to appeal, except when it would work a miscarriage of justice." United States v. Newbert, 504 F.3d 180, 182 (1st Cir. 2007).  The "baseline for any waiver of rights is that the defendant enter into it knowingly and voluntarily."  United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001).  To determine the appropriateness of enforcing a waiver three inquiries are made: "(1) whether the plea clearly outlined the waiver; (2) whether the court adequately questioned the defendant about his or her understanding of the waiver; and (3) whether the enforcement of the waiver would constitute a miscarriage of justice."  United States v. Pratt, 533 F.3d 34, 37 (1st Cir. 2008) (citing Teeter, 257 F.3d at 24-26).

   The collateral-challenge waivers are explicitly stated in the written plea agreements.  The rights being waived are clearly set out, and the section of the agreement discussing the waiver is introduced by the underlined and offset headline: "Waiver of Rights to Appeal and to Bring Collateral Challenge."  (Plea Agreements 4.)  During the Rule 11 hearing, the Court asked Petitioners if they understood the terms of the plea agreements, and Petitioners responded that they did.  (Rule 11 Hr'g Tr. 20-25, Aug. 15, 2007.)  The Court specifically discussed the particular appeal and collateral attack waivers with the Petitioners.  (Rule 11 Hr'g Tr. 34-35.)  Petitioners have not now

6

alleged that they did not understand the agreements or the waivers. The record demonstrates that the plea clearly outlined the waiver and that the Court adequately sought to ensure that the Petitioners understood the waiver.

The miscarriage of justice exception is to "be applied sparingly and without undue generosity." Teeter, 257 F.3d at 26. It "requires a strong showing of innocence, unfairness, or the like." United States v. Gil-Quezada, 445 F.3d 33, 37 (1st Cir. 2006). In deciding whether enforcement of a waiver would result in a miscarriage of justice, the court considers "the clarity of the error, its gravity, its character . . . , the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Teeter, 257 F.3d at 26. There is no indication of error here, let alone "innocence, unfairness, or the like," and thus no indication that enforcing the waivers would result in a miscarriage of justice.

### B. Ineffective Assistance of Counsel

Even if the waivers were invalid, the Petitioners could not sustain an ineffective assistance of counsel claim. Petitioners argue that their attorneys' performances were deficient because the attorneys did not properly advise them to accept the conditional guilty pleas under Fed. R. Crim. P. 11(a)(2) allegedly offered by the government, and did not renegotiate the

pleas after they were initially rejected.  Petitioners allege that the government offered a conditional guilty plea with a ten year maximum term that would have dismissed the firearm charges, and allowed Petitioners to preserve their Fourth Amendment challenges for appeal.  Petitioners provide no evidence that the government extended this offer; and the government, with evidence, denies that it was made.  (See Gov't's Resp. Ex. A (Bloomer Aff.) 1-2.)

Petitioners also claim that their attorneys were ineffective because they advised Petitioners to accept pleas that exposed Petitioners to higher penalties than otherwise allowed by law, failed to argue factors pursuant to 18 U.S.C. § 3553(a) at sentencing that could have mitigated their sentences, and failed to advocate for the Court to apply the crack cocaine amendment to the Sentencing Guidelines.  Petitioners accepted plea agreements under which they would serve the mandatory minimum sentences for their crimes.  They were accordingly sentenced to the mandatory minimum sentences.  These sentences did not exceed the maximum sentences otherwise allowed by law.  No argument by counsel could have reduced their sentences pursuant to § 3553(a) or for any other reason.  Similarly, the crack cocaine amendment modified the Sentencing Guidelines, but had no impact on mandatory minimum statutory penalties.  United States v. Medina, 2008 WL 4974597, at *9-10 (1st Cir. Nov. 21, 2008).  As such, counsel committed no error, nor was any prejudice suffered.

**ORDER**

For the reasons stated, Petitioners' Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket Nos. 183, 184] are **DENIED**.

                                            /s/PATTI B. SARIS
                                            Patti B. Saris
                                            United States District Judge